**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:   11-03988-dd

# ORDER

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**05/07/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/07/2012

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

In re:

Wanda Kaye Vetter,

        Debtor.

Case No. 11-03988-dd
Chapter 7

## ORDER

This matter is before the Court on the motion of W. Clarkson McDow Jr., United States Trustee for Region Four (UST), filed on February 21, 2012, to dismiss this case under 11 U.S.C. §§ 707(a), 105(a).[1]  The Court did not receive a written objection or other response from the debtor, and no party appeared for the debtor at the hearing on the motion.  The Court has jurisdiction to hear and to decide this matter.  28 U.S.C. § 1334.  This proceeding is a core proceeding. 28 U.S.C. §157(b)(2)(A).

The Court issues the following finds of facts and conclusions of law.

## FINDINGS OF FACT

The debtor commenced this case with the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on June 24, 2011.  The Court confirmed the debtor's chapter 13 plan by order entered September 8, 2011.  The debtor was represented by counsel during the case.  The debtor died on October 4, 2011.

On November 17, 2011 the representative of the debtor's probate estate, with the assistance of the debtor's counsel, filed a notice of conversion from chapter 13 to chapter 7. Pursuant to Fed. R. Bankr. P. 1017(f)(3) the conversion was treated as effective, without court order, when the notice of conversion was filed. Such notices are effective if filed by a debtor.

---

[1] Further reference to 11 U.S.C. § 101, *et seq.*, will be by section number only.

2

UST learned of the debtor's death after the case had been converted to chapter 7. Despite two inquiries by UST regarding this matter, the debtor's counsel neither: (a) responded to the UST; (b) properly notified the Court or creditors and parties in interest of the debtor's death; (c) obtained a determination from the Court that the interests of creditors and the estate would be best served by the continued administration of the case; nor (d) obtained permission from the Court to take instruction from the personal representative of debtor's probate estate.

The UST contends that under the facts of this case the debtor's counsel did not have the authority to file the notice of conversion to chapter 7. *See In re Lucio,* 251 B.R. 705 (Bankr. W.D. Tex. 2000); *In re Eads (Eads v. Duffy)*, 135 B.R. 380 (Bankr. E.D. Calif. 1991). The UST further contends that the debtor is ineligible to be a debtor under chapter 7 and that cause exists to dismiss this case under § 707(a).

### **CONCLUSIONS OF LAW**

Fed. R. Bankr. P. 1016 provides that when a chapter 13 debtor dies, the "case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Rule 1016 further provides that in a chapter 7 context, the death of a debtor "shall not abate a liquidation case" and that the case, so far as possible, should continue as if the death had not occurred.

Although the debtor died during the chapter 13 portion of the case following confirmation of the debtor's plan, the debtor's counsel made no request to the Court for the debtor's personal probate estate representative to assume debtor's duties under the Bankruptcy Code. It further appears that creditors, the chapter 13 trustee, and other parties in interest were not provided notice of the debtor's death. The only suggestion that debtor died is the purported

signature on the notice of conversion by an individual identified as the debtor's probate estate representative.

Rules 1016 and 1017(f) do not permit the debtor's chapter 13 case to be converted to one under chapter 7 under the facts of this case. The Court, the case trustee, and other parties in interest should be promptly notified of the death of a debtor under bankruptcy protection, particularly where relief is sought under a reorganization chapter. Under chapter 13 the case is subject to dismissal under Rule 1016 following the death of a debtor if further administration is not possible and allowing the case to continue does not serve the best interests of creditors and the bankruptcy estate. The failure to provide such notification in the present case prevented a proper evaluation of this case. Further, the failure to obtain permission from the Court to permit the debtor's probate estate representative to act for the debtor casts serious doubt upon the authority of counsel to take instruction from the representative.[2]

The Court recognizes that a chapter 7 or chapter 13 case could be at the stage where notice of the debtor's death and recognition of the authority of a personal representative would be less important than in this case. However, in most cases pleadings, amended schedules, reports, or an amended plan may be required. Parties in interest may well have service of process questions. Counsel for a deceased debtor needs direction concerning the authority of another party to act for the debtor. Finally, creditors and parties in interest may need to reevaluate their positions in a case based upon a debtor's death such as deciding whether to prosecute a motion for stay relief or a discharge or dischargeability action or a motion to dismiss or to convert a case to another chapter.

---

[2] Although the debtor's probate representative may most often be the appropriate party to perform the debtor's duties, many estates are never probated and, in other instances, some different party may have a greater interest in ensuring that the bankruptcy case goes forward.

For these reasons, upon the death of a debtor, counsel for a deceased debtor should ordinarily promptly notify the Court of the debtor's death and file a motion for designation of an appropriate person to act on the debtor's behalf. The failure of the debtor's counsel to take these actions in this case and his failure to respond to the motion to dismiss constitute cause for dismissal of this case. § 707(a).  This case is dismissed.

AND IT IS SO ORDERED.